APPEAL OF BERT K. SMITH, MRS. BERT K. SMITH, AND JAMES A. SIMONS, JR., AND WIFE.

Docket No. 5329.   Decided November 12, 1926.

1. BAD DEBTS.—Evidence respecting three certain accounts receivable and two items of bills receivable examined, and *held* that the same were ascertained to be worthless and charged off against the gross income of the year 1919 and should be allowed as a deduction in redetermination of deficiencies.

2. RAILROAD CLAIMS.—Claims of a shipper of merchandise made against railroad carriers for alleged losses and damages in transit, growing out of transactions occurring within the taxable period, should, under the evidence submitted, be given the same treatment as other accounts receivable growing out of the same year's business in the computation of gross income. Similar claims resulting from the business and transactions of prior years, although still unsettled and carried on the taxpayers' books as accounts receivable, should not be considered in arrriving at the gross income of the taxable year.

*H. E. Ketner, Esq.*, and *Charles Kershenbaum, C. P. A.*, for the petitioners.
*B. H. Saunders, Esq.*, for the Commissioner.

At the hearing the petitioners were granted leave to amend their petition claiming a deduction of $12,311.52 as railroad claims receivable, or a total deduction of $14,324.01.

### FINDINGS OF FACT.

Bert K. Smith and James A. Simons, Jr., both residents of Fort Worth, Tex., were, during the year 1919, members of the partnership of Smith Brothers Grain Co., of Fort Worth, hereinafter referred to as the partnership. Smith owned a five-sixths interest and Simons owned a one-sixth interest in the partnership, and the profits therefrom were distributed in that ratio. The individual income-tax returns were filed on a community-property basis, Mr. and Mrs. Smith filing separate returns, and Mr. and Mrs. Simons filing a joint return.

In January, 1920, a fire destroyed the Santa Fe Elevator, partnership property, and also resulted in the loss or destruction of the partnership books of account and records, except certain financial statements which were in the possession of a bank.

On or about the 14th day of April, 1920, there was made and filed a partnership income return of the partnership of Smith Brothers Grain Co., which showed gross income $2,784 and net income $2,784, and that Bert K. Smith owned a five-sixths interest and James A. Simons, Jr., a one-sixth interest in said partnership. Upon their original individual income-tax returns, Bert K. Smith was assessed a tax in the amount of $636.56; Mrs. Bert K. Smith was assessed a tax in the amount of $940.08; and James A. Simons and wife, making a joint return, were assessed a tax in the amount of $181.61. Thereafter one of the Commissioner's field agents made a report of an investigation of the Smith Brothers Grain Co. for the year 1919 in which he reported that the net income of said partnership for that year was $68,415.67. The petitioners immediately protested against this report and claimed that the said amount should be reduced by various deductions aggregating $35,569.11. A reinvestigation was thereupon made by another field agent who recommended the allowance of items claimed by the petitioners aggregating $27,500.87, and the disallowance of items as follows:

| | |
|---|---:|
| Railroad claims | $6,155.76 |
| Accounts receivable | 1,530.85 |
| Bills receivable | 381.63 |
| Total | 8,068.24 |

Thereafter, on May 8, 1925, the Commissioner issued a letter to the partnership, a part of which is as follows:

The Solicitor has held that the following deduction cannot be allowed as the evidence presented is insufficient to warrant this office in making any change from the previous audit:

| | |
|---|---:|
| Bad debts | $1,530.85 |
| Railroad claims | 6,155.76 |
| Bills receivable | 481.64 |
| Total | 8,168.25 |

These adjustments result in a corrected net income of $40,913.80 * * *. The individual returns of the partnership have been adjusted accordingly and made the subject of a separate communication of even date.

On the same date there were issued the three deficiency letters to the petitioners herein.

As practically all of the accounting records of the partnership had been destroyed by fire in January, 1920, the examining revenue agents used as a basis for ascertaining the gross income of the partnership a trial balance sheet which they found in the possession of one of the banks with which the partnership did business. In this trial balance there appeared an asset item, designated as railroad claims, in the amount of $12,311.52, which was carried as accounts receivable. This total of railroad claims included not only those claims growing out of the business of the year 1919, but also all unsettled claims growing out of the business of the years 1918 and 1917. Under its regular accounting practice, the partnership, whenever a claim for loss or damage was about to be or was made against a carrier, credited merchandise for the amount of the claim and charged the carrier. These claims were carried as accounts receivable for the amount of their face value until a settlement or adjustment was made with the carrier, at which time the amount received in settlement of a claim was charged to cash and any part of the claim that was not paid by the carrier was charged to profit and loss. No collections or settlements on any railroad claims were made during the year 1919. In the trial balance found in possession of the petitioners' bank the item of railroad claims was shown as $12,311.52, but this figure was carried into the total of assets only at 50 per cent of its face value. During the years following 1919 there has been collected upon these old claims the amount of $7,228.53, and the balance of $5,082.99 has not been collected. The larger portion of these settlements was made in the year 1923.

The partnership had shipped to E. E. Anderson, of Memphis, Tenn., a carload of grain and a draft for the amount of the grain was charged to his account. Anderson refused to accept the grain

and a broker in Memphis was employed to resell the grain. The proceeds from the sale were $503.69 less than the amount charged to Anderson's account. In 1919 the partnership determined Anderson's debt of $503.69 to be worthless and charged it off. No part of the said debt has ever been collected.

The partnership had shipped to E. H. Jones, at Grosebeck, Tex., a carload of grain, and the circumstances surrounding the transaction were the same as in the Anderson account. The proceeds from the resale were $558.34 less than the amount charged to Jones' account. In 1919 the partnership determined Jones' debt of $558.34 to be worthless and charged it off. No part of the said debt has ever been collected.

The partnership had a contract with E. M. Rogers involving the purchase and sale of grain and out of this contract grew a claim by Rogers against the partnership for $468.82. The partnership denied its liability under this contract and the matter was settled in Rogers' favor by arbitration before the National Grain Dealers Association of which both were members. In order to appeal from the award it was necessary for the partnership to put up a certified check for $468.82, which it did, charging that amount to Rogers' account. The claim was finally determined in Rogers' favor in 1919. No part of the $468.82 was ever returned to the partnership. The National Grain Dealers Association returned to the partnership $45, which represented a part of the arbitration fee advanced by it, but this was no part of the said $468.82.

The Edwards Grain & Elevator Co. became indebted to the partnership in the amount of $400 through contract obligations and gave the partnership its 60 day promissory note. The note matured prior to December 31, 1919, but was not paid at maturity nor at any time since. The Edwards Grain & Elevator Co. went out of business during 1919, and the partnership determined the debt to be worthless and charged off the $400 in 1919.

The partnership's transaction with the Dalhart Grain & Coal Co. was similar to that with the Edwards Grain & Elevator Co. The promissory note which was given for $81.64 matured during 1919 but was not paid at maturity nor at any time since. The Dalhart Grain & Coal Co. went out of business during 1919, and the partnership determined its debt to be worthless and charged off the $81.64 in 1919.

OPINION.

TRUSSELL: While the record shows that the petitioners' books of account for 1919 and prior years have been destroyed and the testimony concerning the method of keeping such accounts has some elements of uncertainty, there appears to be no reason to doubt that,

in respect to the handling of claims for losses and damages against carriers, it is definitely established as set forth in the findings of fact. There also appears to be no reason to doubt that the examining revenue agent found the asset item of railroad claims in the amount of $12,311.52 and that they treated this item the same as other accounts receivable in arriving at gross income for the year 1919. The testimony received at the hearing establishes that this total of railroad claims was the result of accumulations covering three years. Under the petitioners' method of accounting, claims made against railroads for losses and damages growing out of the business for the year 1919 were included among the accounts receivable in ascertaining the gross income for that period.

The Commissioner held that the total of the claims outstanding in 1919 constituted income for that year. We have no evidence to show that these claims were not correctly treated as income by the Commissioner, and, in these circumstances, that portion of the claims which grew out of business for the year 1919 should remain in gross income for that year. Upon final determination of the deficiencies under Rule 50 the petitioners and the Commissioner should compute such deficiencies, in so far as such railroad claims are concerned, by eliminating such amount of those claims as grew out of business for the years prior to the year 1919.

Respecting the three items of the so-called bad debts, aggregating $1,530.85, we find that the evidence supports the contentions of the petitioners and that that amount should be allowed as a deduction from partnership gross income.

With reference to the bills receivable aggregating $481.64, we are equally satisfied that the same were debts ascertained to be worthless and charged off in the year 1919, and if they have not already been allowed by the Commissioner in computing the partnership net income they should now be allowed.

*Order of redetermination will be entered on 30 days' notice, under Rule 50.*