*483 OPINION.
Tp.ttssell :
While the record shows that the petitioners’ books of account for 1919 and prior years have been destroyed and the testimony concerning the method of keeping such accounts has some elements of uncertainty, there appears to be no reason to doubt that, *484 in respect to the handling of claims for losses and damages against carriers, it is definitely established as set forth in the findings of fact. There also appears to be no reason to doubt that the examining revenue agent found the asset item of railroad claims in the amount of $12,311.52 and that they treated this item the same as other accounts receivable in arriving at gross income for the year 1919. The testimony received at the hearing establishes that this total of railroad claims was the result of’ accumulations covering three years. Under the petitioners’ method of accounting, claims made against railroads for losses and damages growing out of the business for the year 1919 were included among the accounts receivable in ascertaining the gross income for that period.
The Commissioner held that the total of the claims outstanding in 1919 constituted income for that year. We have no evidence to show that these claims were not correctly treated as income by the Commissioner, and, in these circumstances, that portion of the claims which grew out of business for the year 1919 should remain in gross income for that year. Upon final determination of the deficiencies under Rule 50 the petitioners and the Commissioner should compute such deficiencies, in so far as such railroad claims are concerned, by eliminating such amount of those claims as grew out of business for the years prior to the year 1919.
Respecting the three items of the so-called bad debts, aggregating $1,530.85, we find that the evidence supports the contentions of the petitioners and that that amount should be allowed as a deduction from partnership gross income.
With reference to the bills receivable aggregating $481.64, we are equally satisfied that the same were debts ascertained to be worthless and charged off in the year 1919, and if they have not already been allowed by the Commissioner in computing the partnership net income they should now be allowed.

Order of redetermination will he entered on 80 days’ notice, u/nder Rule 50.